IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RESOLUTION MANAGEMENT CONSULTANTS, INC., | : : : : | |
| Plaintiff, | : : | Civil No. 18-cv-12191 (RBK-AMD) |
| v. | : : | **OPINION** |
| DESIGN ONE BUILDING SYSTEMS, INC., et al., | : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendants Design One Building Systems Inc., America One Companies, Inc., and Kenneth R. Davin's (collectively, "Defendants") Motion to Dismiss for lack of personal jurisdiction and improper venue, or, alternatively, to transfer venue to the U.S. District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). (ECF No. 16). We also consider Plaintiff's Motion for Sanctions under Rule 11(b). (ECF No. 20). For the reasons expressed below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Sanctions is **DENIED**.

**I.    BACKGROUND**

   **A. Factual Background**[1]

This case arises out of a contract dispute between Plaintiff Resolution Management Consultants, Inc. ("RMC") and Defendants Design One Building Systems, Inc. ("DOBS"), America One Companies, Inc. ("AOC"), and Kenneth R. Davin ("Mr. Davin"). RMC is a New

---

[1] All facts in this section are taken from Plaintiff's Complaint (ECF No. 1 ("Compl.")).

1

Jersey professional corporation with its principal place of business in Marlton, New Jersey. (Compl. 1). DOBS and AOC are Tennessee corporations, each having a principal place of business in Knoxville, Tennessee. (*Id.*). Mr. Davin is the owner and principal of both corporations. (*Id.*). Mr. Davin is a citizen of Tennessee. (*Id.* at 2).

In December 2013, Defendants hired RMC as Defendants' construction consultant in connection with a payment dispute with the Veterans Administration concerning a facility built by Defendants in Tennessee ("VA Dispute"). (*Id.*). RMC performed the work for the Defendants pursuant to their contracts through May 2018. (*Id.* at 5). Defendants failed to pay RMC's invoices for services rendered in 2016, 2017, and 2018. (*Id.*).

### B. Procedural Background

Mr. Davin filed a complaint against RMC in the Chancery Court for Knox County, Tennessee, on July 23, 2018 (the "Tennessee action"). (ECF No. 16 ("MTD") at 3). On July 30, 2018, RMC filed the instant action against Defendants (the "New Jersey action"). (*Id.*). On August 22, 2018, RMC removed the Tennessee action to the United States District Court for the Eastern District of Tennessee. (*Id.*). Although the two actions concerned the same subject matter, RMC failed to list the New Jersey action as a related matter on the Civil Cover Sheet for the Tennessee action. (*Id.* at 4). In December 2018, Mr. Davin voluntarily dismissed his claims against RMC in the Tennessee action. (*Id.*).

Defendants did not respond to the Complaint in the New Jersey action, and RMC requested and received entry of default on November 7, 2018. (ECF No. 4; Clerk's Docket Entry on 11/07/2018). RMC filed a Motion for Default Judgment on December 6, 2018. (ECF No. 5). This Court granted the Motion for Default Judgment and entered judgment on December 10, 2018. (ECF No. 7). On April 27, 2020, RMC registered the judgment in the New Jersey action as a

Foreign Judgment in the United States District Court for the Eastern District of Tennessee. *Resolution Management Consultants v. Design One Building Systems, Inc.*, 21-cv-17859, ECF No. 1. On December 11, 2020, Defendants moved to set aside judgment. *Id.*, ECF No. 11. Around the same time, Mr. Davin refiled suit against Plaintiff in the Eastern District of Tennessee. (MTD at 4). That action was stayed pending resolution of RMC's action against Defendants. (*Id.*). On September 29, 2021, the United States District Court for the Eastern District of Tennessee denied Defendants' motion to set aside judgment without prejudice and transferred the matter back to this Court. *Resolution Management Consultants*, 21-cv-17859, ECF No. 32.

Defendants refiled the motion to set aside judgment with this Court on December 1, 2021. *Id.*, ECF No. 46. On August 4, 2022, we granted Defendants' motion to set aside the default judgment due to insufficient service of process. (ECF No. 8 at 10–13). On November 9, 2022, Defendants moved to dismiss Plaintiff's complaint for lack of personal jurisdiction and improper venue, or, alternatively, to transfer venue to the U.S. District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). (ECF No. 16). On November 21, 2022, Plaintiffs filed an opposition to Defendants' Motion and moved for sanctions against Defendants under Rule 11(b). (ECF No. 20).

## II.   DEFENDANTS' MOTION TO DISMISS

### A. Personal Jurisdiction

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. Second, the court must apply the principles of due process. *Imo Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise

of personal jurisdiction to the fullest limits of due process, and so New Jersey courts look to federal law for the interpretation of the limits on personal jurisdiction. *Id.* Personal jurisdiction can be either in the form of "specific jurisdiction" or "general jurisdiction." If the plaintiff's cause of action relates to or arises out of the defendant's contacts with the forum, the court is said to exercise "specific jurisdiction." *Imo Indus.,* 155 F.3d at 259. If the plaintiff's claim does not arise out of the defendant's contacts with the forum, the court is said to exercise "general jurisdiction"; under general jurisdiction, the contacts must be shown to be "continuous and systematic." *Id.* at 259 n. 2.

Defendants argue that the requirements for exercise of personal jurisdiction are not met here because Defendants have insufficient contacts with New Jersey. (ECF No. 16 at 5–8). In our previous Opinion dated August 4, 2022, we considered the same jurisdictional arguments and rejected them, finding Defendants had sufficient contacts with New Jersey for us to exercise specific jurisdiction. (ECF No. 8 at 5–8). Defendants do not argue that new evidence has become available, that there has been an intervening change in law, nor that extraordinary circumstances exist requiring reconsideration of the issue. *See In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3d Cir. 1998); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (courts "should be loathe" to revisit its own prior decisions "in the absence of extraordinary circumstances"). Therefore, we decline to reconsider our prior decision finding personal jurisdiction exists in this case. Defendants' Motion to Dismiss will not be granted for lack of personal jurisdiction.

### B. Improper Venue

In a federal civil case, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" *Id.* at § 1391(c)(2). In states with multiple judicial districts, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" *Id.* at § 1391(d). A natural person is deemed to reside "in the judicial district in which that person is domiciled[.]" *Id.* at § 1391(c)(1).

On a Rule 12(b)(3) motion to dismiss for improper venue, the moving party bears the burden of showing that venue is improper. *Bockman v. First Am. Mktg. Corp.*, 459 Fed. App'x 157, 160 (3d Cir. 2012) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982)). A court considering a Rule 12(b)(3) motion must generally accept a complaint's allegations as true, unless contradicted by the defendant's affidavits. *See Bockman*, 459 Fed. App'x at 158 n.1.

Having already determined that the corporate defendants, DOBS and AOC, are subject to personal jurisdiction in this district with respect to this action, we conclude that DOBS and AOC "reside" within the District of New Jersey for purposes of venue. 28 U.S.C. § 1391(c)(2). However, Mr. Davin, a natural person, is alleged to be a citizen of Tennessee with an address at 201 Randolph St., Knoxville, Tennessee. (Compl. 2). For purposes of venue, then, Mr. Davin resides in the Eastern District of Tennessee. Because not all Defendants reside in New Jersey, the District of New Jersey is not a proper venue under 28 U.S.C. § 1392(b)(1).

Defendants argue that venue is improper under subsection 1392(b)(2) because the contracts at issue "related to 'a series of lease agreements with Design One to provide an outpatient clinic

5

in Knoxville [, Tennessee],' and the performance of the Contracts was to take place entirely in Knoxville, Tennessee." (MTD at 8). Plaintiff argues that the District of New Jersey is a proper venue under 1392(b)(2), because "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. (ECF No. 20-3 at 6). Plaintiff states that "[o]ther than a one-day visit in 2014" by RMC employees to Mr. Davin's offices in Tennessee, "all of RMC's work on both contracts was performed by RMC in New Jersey." (*Id.* at 2).

According to the Third Circuit, "[t]he test for determining venue [under § 1391(b)(2)] is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Cottmann Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994) (internal quotations omitted). Events or omissions that only have "some tangential connection" with the dispute are not sufficient to support venue under § 1391(b)(2). *Id.* "In assessing whether events or omissions giving rise to [a] claim[ ] are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295.

With respect to breach of contract of claims, "courts considering substantial events or omissions may take into account where the contract was negotiated, executed, performed, and breached." *Stalwart Capital, LLC v. Warren St. Partners, LLC,* No. 115249, 2012 WL 1533367, at *4 (D.N.J.2012) (citing *J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.,* No. 10–3496, 2011 WL 463051, at *4–5 (D.N.J.Feb.3, 2011); *CLP Packaging Solutions, Inc. v. Sports Pouch Beverage Co.,* No. 07–1532, 2008 WL 2095774, at *2–4 (D.N.J. May 16, 2008)); *see also Cottman,* 36 F.3d at 295 (considering where contract on which plaintiff based its state-law claims was executed and performed and where defendant failed to return various materials and remit payment). "[I]n a situation where a party has allegedly failed to make a payment, the locus of the action is where the party failed take that action rather than where the result is felt." *C.O.*

6

*Truxton, Inc., v. Blue Caribe, Inc.*, 2014 WL 6883145, at *5 (D.N.J. Dec. 5, 2014) (citing *Cottman,* 36 F.3d at 295; *CLP,* 2008 WL 2095774, at *4).

Plaintiff's complaint alleges four counts against Defendants: breach of contract, quantum meruit, unjust enrichment, and book account. (Compl. 6–8). All four counts are based upon Defendants' failure to pay RMC for its services. (*Id.*). Therefore, the relevant "locus of the action is where the [Defendants] failed" to render that payment, rather than "where the result is felt." *C.O. Truxton*, 2014 WL 6883145, at *5. It is not disputed that corporate Defendants have their principal places of business in Knoxville, Tennessee, which is presumably where the decision not to pay Plaintiff was made. Likewise, Mr. Davin, who is the owner and principal of the defendant corporations, is a citizen of Tennessee, and presumably made the decision not to pay Plaintiff from that state. Plaintiff does not allege that Defendants made the decision not to pay Plaintiff within the state of New Jersey.

We conclude that the relevant event or omission – Defendants' failure to pay Plaintiff – occurred in the Knoxville, Tennessee, where Defendants reside. Therefore, New Jersey is not a proper venue under 1391(b)(2). Venue is proper under 1391(b)(3) only "if there is no district in which an action may otherwise be brought as provided in this section." Venue would be proper under 1391(b)(1) in the Eastern District of Tennessee, where all Defendants reside. Therefore, this venue is not proper under 1391(b)(3). Having found that the District of New Jersey is an improper venue under all subsections of 28 U.S.C. § 1391, we **GRANT** Defendants' Motion to Dismiss.

### III.    PLAINTIFF'S MOTION FOR SANCTIONS

RMC moves for Rule 11(b) sanctions, arguing Defendants improperly reiterate personal jurisdiction arguments already considered in our prior order. Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is

7

"not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Sanctions awarded under this rule "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.,* No. 09–5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing *Watson v. City of Salem,* 934 F. Supp. 643, 662 (D.N.J. 1995); *see also Doering v. Union Cty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Id.*

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

As Defendants point out, Plaintiff failed to comply with Rule 11(c)(2)'s procedural requirements. First, Plaintiff did not comply with the "safe harbor" provision. Second, Plaintiff's

Motion was not filed as a separate pleading; instead, it was made in the same filing as Plaintiff's general opposition to Defendants' Motion to Dismiss. (ECF No. 20). Even if Plaintiff's Motion had been properly made, we would decline to grant it because Plaintiff fails to demonstrate that the "exceptional circumstances where a claim or motion is patently unmeritorious or frivolous" exists. It was reasonable for Defendants to raise the personal jurisdiction argument in their Rule 12 motion for the purpose of preserving the argument for appeal. Therefore, Plaintiff's Motion for Sanctions is **DENIED**.

IV.  CONCLUSION

For the reasons expressed in this opinion, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Sanctions is **DENIED**. An Order follows.

Dated:   1/23/2023                                                          /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge